UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARILYN MARIE SMITH,<br>    Plaintiff<br><br>    v.<br><br>DEPARTMENT OF DEFENSE,<br>*et al.*,<br>    Defendants | :<br>:<br>:<br>:   CASE NO. 1:17-CV-1001<br>:<br>:<br>:<br>: |

*M E M O R A N D U M*

*I.*      *Background*

Plaintiff Marilyn Marie Smith ("Smith") filed this pro se civil action on June 8, 2017, naming a litany of defendants including the Department of Defense, the United States of America, the Commonwealth of Pennsylvania, the Harrisburg Bureau of Child Support, and numerous individual defendants. (Doc. 1). This is Smith's third such pro se lawsuit, and her newest complaint mirrors many of the allegations contained in her previously dismissed civil actions. See Smith v. Dep't of Welfare Child Support Enf't, No. 1:15-cv-02068 (M.D. Pa. Oct. 26, 2015); Smith v. Garrnet, No. 1:16-cv-02236 (M.D. Pa. Nov. 4, 2016).

The same day Smith filed this lawsuit, a standard pro se letter was issued, explaining that she must file an application to proceed in forma pauperis ("IFP") if she could not afford the requisite civil filing fee. (Doc. 2 at 1). Smith was also issued the standing practice order for pro se plaintiffs. (Doc. 3). This order outlines, in detail, many

of the requirements for proceeding with a civil suit in federal court in the Middle District of Pennsylvania. (Id.) The standing practice order and its attachments describe, among other things, motion practice rules, briefing rules, summary judgment, and service and filing requirements. (Id. at 1-11). The order ends by explaining that if the parties do not follow the rules outlined, dismissal of the action could result. (Id. at 4).

In particular, attached to the standing practice order is the "In Forma Pauperis Notice," which explains in large font that if a pro se plaintiff is proceeding without paying a filing fee due to inability to pay, she must complete the USM-285 form for each defendant listed in the complaint so that service can be effected by the United States Marshal. (Doc. 3-1). A blank copy of the USM-285 form was also provided. (Id. at 4).

On September 14, 2017, this court issued an order directing Plaintiff to pay the civil filing fee or to move to proceed IFP if she was financially unable to afford the $400 fee. (Doc. 4). Plaintiff was also ordered to provide a properly completed USM-285 form for service by the Marshal for each named defendant in her lawsuit if she desired to proceed IFP. (Id.) Plaintiff was again provided with copies of the requisite forms, and given fourteen days to comply. (Id.)

Plaintiff partially complied with this order. On September 22, 2017, she filed a motion for leave to proceed IFP. (Doc. 5). She also submitted one USM-285 form, which listed only a handful of the nineteen named defendants. (Doc. 6). The form provided only one address for service, despite identifying four different defendants. (Id.) Oddly, two of the four defendants identified on the USM-285 form—"Wernersville State Hos[pital]" and "DDSP-KC"—are not named in her complaint. (Compare Doc. 6 with Doc.

1). Even stranger, the form provides for copy of the notice of service to be sent to "Christ Jesus De Jesus." (Doc. 6).

Accordingly, on September 27, 2017, the court issued another order granting Smith's motion to proceed IFP, but explaining that she "must do more if she desires to move forward with her lawsuit." (Doc. 7 at 2). This order explicitly required Smith to provide a separate, fully completed USM-285 form for each defendant named in her complaint so that the Marshal could serve those defendants. (Id.) Smith was warned that if she failed to follow the court's direction again, her case would be dismissed. (Id.) Smith was given fourteen days to comply, and was also provided with another blank USM-285 form and detailed instructions for its completion. (Id. at 3-8).

To date, Smith has not submitted any properly completed USM-285 forms for the defendants listed in her complaint. Moreover, there is no indication that service of process has been attempted or completed on any named defendant.

*II.     Discussion*

Federal Rule of Civil Procedure 4 provides the requirements for a summons and service of process. Rule 4(m) sets forth the time limits for service. FED. R. CIV. P. 4(m). It states, in pertinent part, "If a defendant is not served with 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id.

As is clear from the above factual and procedural history, Smith has failed to serve her complaint as required under the Federal Rules of Civil Procedure, and has also failed to comply with this court's explicit directions. She has not served her complaint on

any defendant that this court is aware of, nor has she complied with our most recent order requesting properly completed USM-285 forms so that the Marshal could effectuate service.

Based on Smith's failure to serve, or even attempt to serve, her complaint on the named defendants, the court is constrained to dismiss her case without prejudice pursuant to Federal Rule of Civil Procedure 4(m). An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge